924 F.2d 1061
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Loretta J. RYER, formerly known as Loretta J. Hansen, Jarod
Hansen, a minor by his next friend, Loretta J.
Ryer, his mother and legal guardian,
Plaintiffs-Appellants,
v.
Bert E. RUSSELL, Josephine E. Hills, Jeff Cerny, Employers
Mutual Casualty Company and Allstate Insurance
Company, Defendants-Appellees.
 No. 90-1627.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 18, 1991.
Decided Feb. 6, 1991.
 
 Before BAUER, POSNER and RIPPLE, Circuit Judge.
 
 ORDER
 
 1
 Plaintiffs-appellants Loretta J. Ryer and her son appeal from an order of the district court dismissing their action under Federal Rule of Civil Procedure 37 for failure to comply with discovery requests. The Ryers challenge this dismissal as an abuse of discretion. However, because of apparent deficiencies in subject matter jurisdictional prerequisites, we cannot resolve this issue. Instead, we vacate the order of the district court and remand this case for resolution of the jurisdictional issue.
 
 
 2
 * BACKGROUND
 
 
 3
 On January 5, 1986, an automobile accident involving the parties occurred in Janesville, Wisconsin. On January 5, 1988, the Ryers, citizens of Illinois, filed actions based upon this accident in the state courts of Wisconsin and Illinois, and in the United States District Court for the Northern District of Illinois. The Ryers apparently filed concurrently in all three jurisdictions because counsel believed that the statute of limitations would soon expire and did not know the citizenship of several of the defendants. The parties then spent approximately two years sorting out the proper forum. On March 16, 1989, the Illinois suit was dismissed voluntarily. On August 8, 1989, the two Wisconsin suits were dismissed involuntarily with prejudice. This left the district court as the only forum in which any action was still pending. However, since that time, another state action has been filed in the Circuit Court of Winnebago County, Illinois.
 
 
 4
 On September 29, 1989, defendant Russell served ordinary discovery requests upon the plaintiffs pursuant to Federal Rule of Civil Procedure 33. The Ryers failed to answer these discovery requests. On February 6, 1990, defendant Russell therefore filed a motion for sanctions pursuant to Rule 37(d). A hearing on that motion was held on February 21, 1990. At that hearing, the following exchange took place after the Ryers' counsel (Mr. Cooney) had offered to comply with discovery requests:
 
 
 5
 The Court: Why haven't you done that previously? You've had two years and two months to do that.
 
 
 6
 Mr Cooney: Well, this jurisdiction was not--
 
 
 7
 The Court: You've really done nothing in this case. I look at the docket sheet, and you have done absolutely nothing.
 
 
 8
 Mr. Cooney: We were proceeding in the other jurisdictions.
 
 
 9
 The Court: Well, I'm sorry about that. Prepare an order. I'll dismiss the case with prejudice.
 
 
 10
 Tr. at 6.
 
 
 11
 On March 21, 1990, Judge Roszkowski entered an order dismissing the case with prejudice. The Ryers filed timely notice of appeal.[1]
 
 II
 ANALYSIS
 A. Jurisdiction
 
 12
 Plaintiffs-appellants, citizens of Illinois, allege in their complaint that all defendants are citizens of Wisconsin and that the amount in controversy exceeds $10,000, the statutory minimum required at that time. Accordingly, they invoke diversity jurisdiction pursuant to 28 U.S.C. Sec. 1332(a). Defendant Russell, however, maintains that one of the defendants, Allstate Insurance Co. (Allstate), is an Illinois corporation doing business in Illinois. Thus, Russell asserts, complete diversity between the parties is lacking. Russell contends that, unless the plaintiffs voluntarily remove Allstate as a dispensable nondiverse party, this case must be dismissed for want of subject matter jurisdiction.
 
 
 13
 The diversity requirement is satisfied only if there is complete diversity among the plaintiffs and the defendants. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Northern Trust Co. v. Bunge Corp., 899 F.2d 591, 594 (7th Cir.1990). Here, defendant Russell has maintained both in his brief and at oral argument that the inclusion of Allstate as a named defendant destroys complete diversity. If his assertion is true, the jurisdictional defect could be remedied by dismissing Allstate as a dispensable nondiverse party. Newman-Green, Inc. v. Alfonzo-Larrain, 109 S.Ct. 2218 (1989); Bagdon v. Bridgestone/Firestone, Inc., 916 F.2d 379, 382 (7th Cir.1990). The Ryers, however, have not brought such a request before this court. In fact, as far as the record shows, the plaintiffs have made no response to Russell's claim that Allstate is a citizen of Illinois. Faced with uncertainty with respect to the jurisdictional facts, we must remand this case to the district court for resolution of the apparent diversity problem. On remand, the district court should determine whether complete diversity in this case is truly lacking.
 
 B. Dismissal by the District Court
 
 14
 If the subject matter jurisdiction issue is resolved in such a manner as to permit the district court to reach the merits, we respectfully invite the district court's attention to an ambiguity in its ruling that it ought to clarify. The Ryers contend that dismissal of this suit pursuant to Rule 37 constitutes an abuse of discretion. In support of this position, the Ryers point to the lack of a history of noncompliance, the availability of less severe sanctions, and lack of notice as to the possibility of dismissal. Russell counters that the district court chose an entirely reasonable remedy, given the plaintiffs' past history of dilatory conduct. Moreover, Russell contends that the court's dismissal was not predicated solely on the failure to respond to discovery requests, but also on the plaintiffs' overall failure to prosecute under Rule 41(b).
 
 
 15
 While both the motion for sanctions and the court's order contain language suggesting that Rule 37 provided the grounds for dismissal,[2] the court's remarks at the hearing would seem to suggest that failure to prosecute may have been the reason. Therefore, if the jurisdictional issue is resolved, the district court should also clarify the basis for its dismissal.
 
 
 16
 Accordingly, the judgment of the district court is vacated and the case is remanded for proceedings consistent with this order.
 
 
 17
 IT IS SO ORDERED.
 
 
 
 [1]
 Jurisdiction in this court is based on 28 U.S.C. Sec. 1291
 
 
 [2]
 The defendant's motion bears the title "Rule 37(d) Motion for Sanctions." Also, the order signed by the district court concludes by saying, "[the] Court orders that Plaintiffs' Complaint be dismissed with prejudice pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure." Order at 3